UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GOFORIT ENTERTAINMENT LLC,

              **Plaintiff,**

-vs-                             **Case No.  6:06-cv-816-Orl-28KRS**

DIGIMEDIA.COM L.P.,
CYBERFUSION.COM L.P., HAPPYDAYS,
INC., REFLEX PUBLISHING, INC., ERIC
GRANT, and SCOTT DAY,

              **Defendants.**

## ORDER

### I.  Background

Plaintiff, Goforit Entertainment LLC, brought this suit alleging cyberpiracy, trademark infringement, service mark infringement, false designation of origin, and unfair competition against six Defendants – Digimedia.com L.P., CyberFusion L.P., HappyDays, Inc., Scott Day (collectively, "the moving Defendants"), Reflex Publishing, Inc. ("Reflex") and Eric Grant. Plaintiff's claims arise from Defendants' alleged use of Plaintiff's trademark on the Internet. (See Compl., Doc. 1, ¶ 1). Plaintiff alleges that this Court may exercise personal jurisdiction over the Defendants under section 48.193(1)(b), Florida Statutes.  (Id. ¶ 10).

Defendants Reflex and Grant have not challenged personal jurisdiction and have answered the Complaint (see Answer, Doc. 26); Grant is a resident of Tampa, Florida, and is the owner of Reflex, a Florida corporation with its principal place of business in Brandon, Florida (Compl. ¶¶ 4 & 6; Answer ¶¶ 4 & 6).  However, the moving Defendants contend that

none of them is subject to personal jurisdiction in Florida, and accordingly they have filed a Motion to Dismiss (Doc. 32).  The Court heard oral argument on the motion on June 25, 2007, (see Mins., Doc. 68), and now concludes that the motion must be granted as to all four of the moving Defendants.

## II.  Discussion

"The determination of personal jurisdiction over a nonresident defendant requires a two-part analysis by the federal courts."  Cable/Home Commc'n Corp. v. Network Prods., Inc., 902 F.2d 829, 855 (11th Cir. 1990).  First, the court "must examine the jurisdictional issue under the state long-arm statute."  Id.  Second, the court "must ascertain whether or not sufficient minimum contacts exist to satisfy the Due Process Clause . . . so that maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Id. (citations and internal quotations omitted).  "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant."  Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990).

The plaintiff bears the burden of establishing a prima facie case of personal jurisdiction by "[p]resent[ing] enough evidence to withstand a motion for directed verdict."  Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006) (citations and internal quotation omitted).  If "the defendant submits affidavits contrary to the allegations in the complaint, the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction."  Id.  In the instant

case, Plaintiff has not met its burden of establishing a basis for the exercise of personal jurisdiction by this Court over the moving Defendants.

### A.  The Florida Long-Arm Statute

In the Complaint, Plaintiff alleges that the Defendants are subject to specific personal jurisdiction under section 48.193(1)(b), Florida Statutes, which provides for jurisdiction in this state over any person who "commit[s] a tortious act within this state" where the cause of action arises from that act.[1]  The law is not entirely settled as to the scope of this portion of the long-arm statute.  See Posner v. Essex Ins. Co., 178 F.3d 1209, 1215-17 (11th Cir. 1999); Nida Corp. v. Nida, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000); Casita, L.P. v. Maplewood Equity Partners L.P., No. 3D06-1292, 2007 WL 1988820 (Fla. 3d DCA July 11, 2007).  Because the due process analysis is dispositive of the personal jurisdiction issue, the Court assumes for the purposes of the instant motion that the "tortious conduct" portion of the long-arm statute has been satisfied.

### B.  Due Process

Even where a defendant's conduct falls within the forum state's long-arm statute, the exercise of jurisdiction is not proper unless it comports with due process.  "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not

---

[1]In their motion to dismiss, Defendants also note that any assertion that this court has general jurisdiction over the Defendants under section 48.193(2), Florida Statutes, should be rejected.  In its response memorandum, Plaintiff continues to rely on section 48.193(1)(b). (See Pl.'s Mem., Doc. 41, at 9).  Thus, the Court need not address general jurisdiction; in any event, there is no basis to conclude that the moving Defendants have sufficient connection to Florida to be subject to general jurisdiction via "substantial and not isolated activity within this state."  See § 48.193(2), Fla. Stat.

present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

"In a case involving specific jurisdiction, a defendant's contacts with the forum state must satisfy three criteria:  they 'must be related to the plaintiff's cause of action or have given rise to it'; they must involve 'some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum'; and they 'must be such that the defendant should reasonably anticipate being haled into court there.'" Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 925 (11th Cir. 2007) (quoting McGow v. McCurry, 412 F.3d 1207, 1214 (11th Cir. 2005)).  The Supreme Court has emphasized that "the foreseeability that is critical to due process analysis is . . . that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  "[T]he minimum contacts must be 'purposeful' contacts.  The requirement for purposeful minimum contacts helps ensure that non-residents have fair warning that a particular activity may subject them to litigation within the forum." Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1565 (Fed. Cir. 1994) (citations omitted). Plaintiff has not met its burden of establishing that the moving Defendants have meaningful, purposeful contacts with the state of Florida so as to support personal jurisdiction.

Websites/Domain Names

Plaintiff's main assertion regarding the moving Defendants' contacts with Florida

involves the Defendants' websites.   This Court has previously joined other courts in determining that the Internet does not provide cause to abandon traditional principles guiding the personal jurisdiction analysis.   <u>See generally</u> <u>Instabook Corp. v. Instantpublisher.com</u>, 469 F. Supp. 2d 1120 (M.D. Fla. 2006) (citing <u>Shamsuddin v. Vitamin Research Prods.</u>, 346 F. Supp. 2d 804 (D. Md. 2004)).   Moreover, during oral argument on the motion to dismiss, Plaintiff's counsel acknowledged and even emphasized that Internet cases are not different from "traditional" cases and that "purposeful availment" of the forum is the focus of the jurisdictional inquiry. Applying traditional principles, exercise of jurisdiction over the four moving Defendants in Florida would not comport with due process.

As described and depicted in the parties' filings, Defendants' websites consist of various domain names that "resolve[] to a directory style web site . . . which contain[s] a number of categories to be searched." (<u>See, e.g.</u>, Compl. ¶ 28).   The websites contain hyperlinks that "direct the Defendant's web site visitors to the web sites of others." (<u>See, e.g.</u>, Compl. ¶¶ 30, 34).   Internet users can "'click through' to the web sites of others from the Defendants' web sites." (Compl. ¶ 44; <u>see also</u> Def.'s Mot. at 1 (describing use of "'click-through' hyperlinks")).   Plaintiff notes that the moving Defendants' websites "direct visitors from across the nation to the websites of others," (Pl.'s Mem., Doc. 41, at 11), and Plaintiff emphasizes that the moving Defendants' "services are aimed at consumers and business[es] located **in each and every state in the country, including Florida**, and their business model is specifically designed to generate revenue **from each and every state in the country, including Florida**." (<u>Id.</u> at 5) (emphasis in original).

However, Plaintiff's argument cuts against itself – the fact that Defendants' websites

are equally accessible everywhere does not establish targeting of Florida. See, e.g., Trintec Indus., Inc. v. Pedre Promotional Prods., Inc., 395 F.3d 1275, 1281 (Fed. Cir. 2005) (pointing out that the defendant's website was "not directed at customers in the District of Columbia, but instead is available to all customers throughout the country who have access to the Internet"); GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1349-50 (D.C. Cir. 2000) ("[P]ersonal jurisdiction surely cannot be based solely on the ability of District residents to access the defendants' websites, for this does not by itself show any persistent course of conduct by the defendants in the District. Access to a website reflects nothing more than a telephone call by a District resident to the defendants' computer servers, all of which apparently are operated outside of the District."). Plaintiff additionally contends that moving Defendant Digimedia "has done nothing to prevent Florida residents from seeking to do business with it and comes forward with no evidence that Florida residents do not visit its websites." (Pl.'s Mem. at 14). It is not, however, a defendant's burden to "prevent" others from accessing its sites in order to avoid being subject to a state's jurisdiction; and, in any event, visits to a website by Florida residents would not, without more, constitute sufficient minimum contacts.

Plaintiff also argues that the moving Defendants "specifically target Florida by providing Florida-specific search functionality, content and domain names." (Pl.'s Mem. at 14-15). However, the fact that Internet users can access a site and run a geographically-limited search on that site is not constitutionally sufficient to subject the site registrant to that geographic area; such a holding would fly in the face of traditional jurisdictional principles. Moreover, the Court rejects Plaintiff's assertion that the registration by Defendants

-6-

Digimedia and HappyDays of domain names that include the names of Florida cities is sufficient to establish jurisdiction.  There is some dispute as to whether these sites are even related to this suit – Defendants maintain they are not, but Plaintiff has listed some of these Florida-named websites among the hundreds of websites registered by some of the moving Defendants.  (See, e.g., List of "Digimedia Domain Names," Ex. A to Compl. (listing 290 domain names, four of which appear to contain names of Florida cities)).[2]  The Complaint mentions some websites that contain the names of Florida cities, but the Complaint's focus is on the Defendants' alleged tortious conduct with regard to the way the hundreds of click-through websites operate in general rather than merely the few sites that happen to contain the names of Florida locations.  (See, e.g., Webpage printout, Ex. H to Compl.).  Even assuming arguendo that these sites are part of the tortious conduct alleged in the Complaint so as to satisfy the "related to the suit" criterion, they are clearly only a de minimis part – comprising only a few of the hundreds of sites Plaintiff has listed – of the suit and, in any event, they do not amount to purposeful availment of the privilege of conducting activities in Florida, nor is registration of such site names a contact with the state such that the moving Defendants should reasonably anticipate being haled into court in Florida.

Ownership Structure

Plaintiff makes an additional argument in support of personal jurisdiction as to Defendants Digimedia and CyperFusion based on their "ownership structure."  These two

---

[2]The list of 290 domain names (Ex. A to Compl.) allegedly registered by Digimedia also contains other geographic names, including "Australia.org," "Brazil.net," "Congo.com," "Espana.com," "Guadalajara.com," "Iceland.com," "Liberia.com," "Philippines.com," "Pisa.com," "Queensland.com," "Sydney.org," and "Uganda.com."

Defendants are Texas limited partnerships, each with two limited partners – Defendant HappyDays and Defendant Reflex Publishing, Inc.  (Day Aff. ¶¶ 18, 20, 32, 35).  Reflex is a Florida corporation with its principal place of business in Florida. (Compl. ¶ 4; Answer of Defs. Reflex & Grant, Doc. 26, ¶ 4).  Plaintiff contends that Digimedia and CyberFusion are amenable to personal jurisdiction in Florida because they each have Reflex, a Florida corporation, as a limited partner.  Plaintiff relies on Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990), in which the Supreme Court held that a limited partnership is a citizen of every state in which any of its general or limited partners is a citizen, and Milliken v. Meyer, 311 U.S. 457 (1940), wherein the Supreme Court concluded that "[d]omicile in the state is alone sufficient to bring an absent defendant within the reach of the state's jurisdiction for purposes of a personal judgment."  Despite this syllogism's seeming logic, however, it does not survive closer analysis.

Carden and Milliken, taken in tandem, do not lead to the conclusion urged by Plaintiff that a limited partnership is automatically amenable to suit in any state where any of its partners is a "citizen."  As the Eleventh Circuit has noted, in Carden "[t]he Supreme Court . . . settled the law on how the citizenship of a limited partnership is determined **for purposes of diversity jurisdiction**[, holding] that **for purposes of diversity of citizenship**, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens."  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 (11th Cir. 2004) (emphasis added).  And, in Milliken, the Supreme Court found that Wyoming had jurisdiction over a Wyoming resident who was served with process while in Colorado.

-8-

The fact that the "citizenship" of a limited partnership is determined based on its partners in order to evaluate subject-matter jurisdiction in a diversity-of-citizenship case does not mean that a limited partnership is necessarily amenable to jurisdiction in every state of which any of its partners is a citizen. A limited partnership does not necessarily derive any benefit from the forum merely by virtue of having a limited partner there, nor does it necessarily do business there. Moreover, the party at issue in Milliken was a human, not a business entity, and the Milliken Court emphasized the benefits that a person derives from the state of his domicile.[3] Such benefits do not necessarily enure to limited partnerships merely by virtue of the presence of a limited or general partner in a forum.

Other courts addressing this issue have rejected the contention that the presence of a partner in the state is sufficient to confer jurisdiction, and this Court agrees with their

---

[3]The Milliken Court opined:

> [T]he authority of a state over one of its citizens is not terminated by the mere fact of his absence from the state. The state which accords him privileges and affords protection to him and his property by virtue of his domicile may also exact reciprocal duties. Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable from the various incidences of state citizenship. The responsibilities of that citizenship arise out of the relationship to the state which domicile creates. That relationship is not dissolved by mere absence from the state. The attendant duties, like the rights and privileges incident to domicile, are not dependent on continuous presence in the state. One such incidence of domicile is amenability to suit within the state even during sojourns without the state, where the state has provided and employed a reasonable method for apprising such an absent party of the proceedings against him.

311 U.S. at 463-64 (internal citation and quotation omitted).

conclusion. See Mission W. Props., L.P. v. Republic Props. Corp., 873 A.2d 372 (Md. Ct. Spec. App. 2005) (holding that fact that general partner of California limited partnership had reincorporated in Maryland was not sufficient to support personal jurisdiction over limited partnership in Maryland), aff'd, 895 A.2d 1006 (Md. 2006); Carlton Invs. v. TLC Beatrice Int'l Holdings, Inc., Civ. A. No. 13950, 1995 WL 694397, at *11 (Del. Ch.  Nov. 21, 1995) (rejecting plaintiff's contention that Delaware courts have jurisdiction over unregistered foreign limited partnerships due to a Delaware corporation serving as the partnership's general partner, stating that "[w]hether the 'presence of a 'general partner' in the forum jurisdiction will, without more, subject the limited partnership to in personam jurisdiction is a question that turns on the further question whether the law of the creation of the limited partnership treats it as a jural entity")[4]; Pappas v. Arfaras, 712 F. Supp. 307, 311 (E.D.N.Y. 1989) (finding lack of personal jurisdiction over Connecticut limited partnerships, concluding that "the mere fact that some of the limited partners of [the Connecticut limited partnership defendants] are citizens of New York . . . does not amount to 'purposeful activity' attributable to defendants in" New York); cf. Touche Ross & Co. v. Canaveral Int'l Corp., 369 So. 2d 441, 442 (Fla. 3d DCA 1979) (stating in dicta that the court saw "no constitutional or other legal impediment" to suit against New York partnership in Florida where partnership had both Florida resident partners and out-of-state partners, "as the action . . . clearly arises out of partnership activities performed in this state by the said defendant"). But cf. Liban v. Churchey Group II, L.L.C., 305 F. Supp. 2d 136, 141 n.2 (D.D.C. 2004) (noting in dicta in

---

[4]See Tex. Rev. Civ. Stat. Ann. art. 6132b-2.01 (Vernon 2007) (providing that under Texas law "[a] partnership is an entity distinct from its partners").

a footnote that "even if it turns out that [the defendant] is . . . a limited liability company [rather than a corporation], it is still subject to personal jurisdiction because at least one of its principals . . . is a resident of Maryland") (citing <u>Carden</u> and <u>Milliken</u>). The argument with respect to a limited partner is even weaker than as to a general partner, especially where, as here, there is record evidence regarding the lack of power of the limited partners in the partnership. (<u>See, e.g.</u>, Stipulations Regarding Personal Jurisdiction, Doc. 66, ¶ 24 (setting forth provision of partnership agreement stating that limited partner may not take part in management or act on behalf of the partnership)). In sum, the fact that Reflex is a Florida corporation and is a limited partner of Digimedia and of CyberFusion is not sufficient to support exercise of personal jurisdiction over either of these moving Defendants.

###### Defendant Day

Individual Defendant Day, a resident of the state of Oklahoma, contends that Plaintiff has not alleged any acts linking him to the state of Florida so as to support personal jurisdiction. In response, Plaintiff cites cases regarding potential personal *liability* of an individual where that individual is the moving force behind infringement. (<u>See</u> Pl.s' Mem. at 16). However, whether an individual may ultimately be liable in connection with corporate activity is a different issue than whether there are enough contacts to subject the individual to personal jurisdiction. Plaintiff also attempts to base jurisdiction over Day on "the same reasons jurisdiction over the corporate defendants is proper." (Pl.'s Mem. at 17). In light of the Court's rejection of Plaintiff's jurisdictional arguments with respect to the business entity

Defendants, this argument also fails.[5]

### Fair Play and Substantial Justice

Additionally, even if Plaintiff had established minimum contacts, exercise of jurisdiction over these Defendants would offend traditional notions of fair play and substantial justice. "In determining whether jurisdiction comports with [these notions], the court looks at: (a) 'the burden on the defendant,' (b) 'the forum State's interest in adjudicating the dispute,' (c) 'the plaintiff's interest in obtaining convenient and effective relief,' (d) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (e) 'the shared interest of the several States in furthering fundamental social policies.'" McGow v. McCurry, 412 F.3d 1207, 1216 (11th Cir. 2005) (quoting Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1276 (11th Cir. 2002)). Consideration of these factors weighs heavily against personal jurisdiction here.

First, the burden on the moving Defendants, who hail from Texas and Oklahoma, of defending the case here in Florida would not, despite modern technology, be insubstantial. Second, while Florida has some interest in adjudicating this dispute due to the presence of the two non-moving Defendants here, this interest is not great. Plaintiff is a Nevada corporation with its principal place of business here, but it is not even registered to do business in this state; indeed, Plaintiff has emphasized the interstate nature of its business in an apparent effort to avoid a negative inference from the fact of its lack of registration.

---

[5]Similarly, to the extent that Plaintiff attempts to bootstrap personal jurisdiction over HappyDays on personal jurisdiction over Defendant Day, such argument fails. (See Pl.'s Mem. at 17-18).

(See, e.g., Pl.'s Mem. at 2 ("All business that GoForIt transacts from within the state of Florida is interstate business. All content for the GoForIt.com website originates from out of state, the services offered through that site are available nationally (indeed internationally), and the web server where all goforit.com content is hosted and made available to visitors is located out of state.") (internal citations omitted))). Thus, this is not a situation where Florida has a great concern in adjudicating the dispute. For this same reason, the third factor – the plaintiff's interest in obtaining effective and convenient relief – does not favor the exercise of jurisdiction. The fourth factor does weigh in favor of jurisdiction here due to the presence of the other two resident Defendants, and on balance, the fifth factor is seemingly neutral. Overall, however, even if minimum contacts were present, fair play and substantial justice would require dismissal of the claims against the moving Defendants.

Discovery

Plaintiff has requested jurisdictional discovery. However, Plaintiff has not persuaded the Court that such discovery is appropriate here. The request is therefore denied.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that the Motion to Dismiss (Doc. 32) filed by Defendants Digimedia.com L.P., CyberFusion L.P., HappyDays, Inc., and Scott Day is **GRANTED**. The claims against these four Defendants are **DISMISSED** due to lack of personal jurisdiction.

**DONE** and **ORDERED** in Orlando, Florida this ⟨10⟩ day of August, 2007.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

-14-